[Cite as *State v. Phillips*, 2014-Ohio-2614.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-130460 |
| | | TRIAL NO. 13CRB-11292 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JERRY PHILLIPS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  June 18, 2014

*Terrance Nestor*, Interim City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymon T. Faller*, Hamilton County Public Defender, and *Josh Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Bringing forth three assignments of error, defendant-appellant Jerry Phillips appeals the trial court's judgment convicting him of violating a protection order. Because there was insufficient evidence demonstrating that the protection order had been served upon Phillips, we reverse the judgment of the trial court and discharge Phillips.

{¶2} In his first assignment of error, Phillips contends that the trial court erred by admitting into evidence, over his objection, the city's exhibit entitled "County Writ Hamilton County Sheriff's Department." This exhibit was meant to demonstrate that Phillips had been personally served with a copy of the protection order. We sustain the assignment of error because the exhibit was not properly authenticated prior to being admitted into evidence.

{¶3} Here, the city and Phillips agree that the exhibit is a public record. Therefore, we look to Evid.R. 1005 to determine whether it was properly authenticated. *See State v. Skimmerhorn*, 162 Ohio App.3d 762, 2005-Ohio-4300, 835 N.E.2d 52, *reversed and remanded on other grounds,* 108 Ohio St.3d 103, 2006-Ohio-164, 840 N.E.2d 1077. Evid.R. 1005 provides that "the contents of an official record * * * may be proved by copy, certified as correct in accordance with Rule 902, Civ.R. 44, Crim.R. 27 or testified to be correct by a witness who has compared it with the original."

{¶4} Here, the exhibit, which was a printout of a public record from the clerk of court's website, was not a certified copy as required by Evid.R. 902(4). Nor was it certified as correct in accordance with Crim.R. 27, which provides that a copy

is admissible where it bears the seal of the public officer who has custody of the record. Although the city argues that the exhibit bears a photocopied seal, we have held that a photocopy of a seal will not suffice to "self-authenticate" a public record under the Rules of Evidence. *Skimmerhorn* at ¶ 21. We also note that there was no testimony by a person who had seen the original of the exhibit and compared it with the copy.

{¶5} Because the exhibit was not properly authenticated as required by Evid.R. 1005, we hold that the exhibit was inadmissible, and thus, the trial court abused its discretion by admitting it. The first assignment of error is sustained.

{¶6} In his second assignment of error, Phillips contests the sufficiency of the evidence underlying his conviction. This assignment has merit.

{¶7} Phillips was convicted under R.C. 2919.27(A)(1), which provides that no person may recklessly violate a protection order issued pursuant to R.C. 3113.31. R.C. 3113.31(F)(1) requires that the court "direct that a copy of an order be delivered to the respondent on the same day that the [protection] order is entered." Because we have determined that the exhibit purporting to demonstrate that the protection order had been served upon Phillips was inadmissible, there is no evidence in the record to demonstrate that Phillips had been served with the protection order. Consequently, there was no protection order issued in accordance with R.C. 3113.31. Therefore, Phillips's conviction for violating a protection order issued in accordance with R.C. 3113.31 must be reversed. We sustain the second assignment of error.

{¶8} Because of our resolution of the first two assignments of error, the third assignment of error challenging the weight of the evidence underlying Phillips's conviction is moot and we do not address it.

{¶9}    The judgment of the trial court convicting Phillips's of violating a protection order is reversed, and Phillips is hereby discharged.

Judgment reversed and appellant discharged.

CUNNINGHAM, P.J., and DINKELACKER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.